UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 08-93-ART

MARTIN COUNTY COAL
CORPORATION, PLAINTIFF,

V. **MEMORANDUM OPINION & ORDER**

UNIVERSAL UNDERWRITERS
INSURANCE SERVICES, INC., DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant's Motion to Compel Deposition of Andrew Hill [R. 94] and Motion to Compel Discovery from Martin County Coal Corporation [R. 95]. Both motions have been fully briefed and are ripe for decision. Each motion will be discussed in turn, and for the reasons stated below, the Defendant's first motion is denied and second motion is granted.

I. MOTION TO COMPEL DEPOSITION OF ANDREW HILL

Andrew Hill is an employee of Lexington Insurance Company, Martin County Coal Corporation's ("MCCC") insurer. He was first identified in this litigation as the claims representative who handled the tort claim underlying this case on behalf of MCCC. [R. 111-1 at 4 - 5]. Mr. Hill was also identified by MCCC as a person who may or may not be qualified to testify concerning the reasonableness of the settlement in the underlying tort case. [R. 111-2 at 1 - 2]. It has also been revealed that Mr. Hill attended mediation proceedings in the underlying tort case. [R.

107-1 at 12-13]. Due to Mr. Hill's involvement in the settlement of the underlying tort claim by MCCC, Universal has sought to depose him concerning the reasonableness of that settlement.

The Court notes that this is not the first time a dispute has arisen in this case over the taking of Andrew Hill's deposition. On May 24, 2010, MCCC moved for a protective order seeking to prohibit the Defendant from taking the deposition of Mr. Hill, among others. [R. 76]. The Court denied MCCC's motion because it failed to show that Hill lacked relevant information. [R. 83]. The Court further ordered that the deposition of Hill should take place no later than September 3, 2010. [R. 88]. Universal issued notice to depose Hill, but he failed to appear for a deposition on September 2. Following his failure to appear, Universal filed the present motion requesting the Court to compel Hill's deposition.

MCCC argues that Hill's deposition should not be taken because MCCC identified him as a witness only with regard to MCCC's bad faith claim against Universal. Because that claim has been dropped, MCCC has withdrawn Hill as a witness and argues that his deposition testimony would no longer be relevant. The Court, however, previously opened discovery on the reasonableness of the underlying tort settlement, and Mr. Hill undoubtedly possesses information relevant to that settlement. First, it is undisputed that Mr. Hill was the claims representative who handled the underlying tort claim on behalf of MCCC's insurer. Second, MCCC identified Mr. Hill as someone "who may or may not be qualified to testify concerning the 'reasonableness' of the settlement in the tort case." [R. 111-2 at 1 - 2]. Finally, the testimony of another witness indicates that Mr. Hill attended mediation in the earlier tort case. [R. 107-1 at 12-13]. It seems probable, therefore, that Mr. Hill possesses information relevant to the reasonableness of the settlement in the underlying tort claim and that his deposition would be reasonably calculated to lead to the discovery

2

of admissible evidence. Fed. R. Civ. Proc. 26 (b).

MCCC next argues that because Hill is neither a party to this action, nor an employee of MCCC, it cannot be ordered to produce a witness over which it has no control. When a notice of deposition is served upon a corporate party, it is normally binding only on directors, officers, and managing agents, or comparable individuals. Fox v. Traverse City Area Pub. Schs. Bd. of Educ., No. 1:07-cv-956, 2009 WL 724001, *2 (W.D. Mich. Mar. 10, 2009). MCCC asserts that Universal's notices of deposition are not binding on MCCC or Hill and that in order to depose him, Universal must subpoena Hill pursuant to Federal Rule of Civil Procedure 45. MCCC further asserts that this Court is without subpoena power over Mr. Hill because he is neither a United States citizen, nor a resident of the United States. Federal district courts do not have the power to force aliens who are not residents of the United States to respond to a subpoena because such individuals "owe no allegiance to the United States." Stice v. Bando Chem. Indus., No. 1:04-cv-44, 2006 U.S. Dist. LEXIS 16663 (W.D. Ky. April 5, 2006) (citing Gillars v. U.S., 182 F.2d 962, 978 (D.C. Cir. 1950)); see also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 626 F.R.D. 293, 305 (S.D.N.Y. 2009). Universal counters this argument by presenting evidence that Hill is indeed an agent of MCCC and argues its notice of deposition is therefore controlling on both MCCC and Hill.

The only evidence presented by Universal is Hill's attendance at the mediation conference in the underlying tort case. Universal asserts that because no other employee of MCCC attended that mediation, Hill must be deemed to have been the "representative" of MCCC and thus an agent MCCC must product in response to Universal's notices of deposition. Universal does not support this contention with any legal authority. If a witness "is not an officer, director, or managing agent of a corporate opponent, '[s]uch a witness must be subpoenaed pursuant to Rule 45 ... or, if the

witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized.'" E.E.O.C. v. Honda of America Mfg., Inc., No. 2:06-cv-233, 2007 WL 682088 *2 (S.D. Ohio Feb. 28, 2007) (quoting Stone v. Morton Int'l, 170 F.R.D. 498, 503 (D. Utah 1997)). The determination of whether a deponent is an officer, director, or managing agent of a party is made at the time the deposition is noticed. Id. (citing In re Honda Motor Co., Inc., Dealership Relations Litig., 168 F.R.D. 535 (D.Md. 1996)). Universal has not presented any evidence suggesting that Mr. Hill was an officer, director, or managing agent of MCCC. At the time his depositions were noticed, it appears that Mr. Hill was an employee of Lexington Insurance Company, a citizen of the United Kingdom, and residing in London, England. Other than the fact that Mr. Hill may have represented MCCC's interests in settlement negotiations concerning a tort claim, Universal has presented no evidence that Mr. Hill exercised a role within MCCC consistent with that of an officer, director, or managing agent. Accordingly, Universal's motion to compel Andrew Hill's deposition is denied because its notices of deposition are not binding on either MCCC or Hill, and this Court is without power to subpoena Mr. Hill's appearance.

II. MOTION TO COMPEL DISCOVERY FROM MARTIN COUNTY COAL CORPORATION

Universal has also moved the Court to compel MCCC to present a proper designee or designees to testify about information known or reasonably available to MCCC. [R. 95]. This motion was filed following Universal's deposition of Dennis Ray Hatfield, MCCC's former president, on September 1, 2010. Universal alleges that under Fed. R. Civ. Proc. 30(b)(6), Hatfield and MCCC failed to adequately testify regarding certain topics outlined in Universal's notice of deposition. Rule 30(b)(6) states that

> a party may name as the deponent a public or private corporation ... or other entity and must describe with reasonable particularity the matters for examination. The

named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. ... The persons designated must testify about information known or reasonably available to the organization.

In its notice of deposition to MCCC, Universal listed 12 items for examination. Consistent with Rule 30(b)(6), MCCC designated Mr. Hatfield to testify on its behalf. Universal alleges that of the 12 items on which it sought to examine Mr. Hatfield, he failed to "do his homework" and provide adequate responses to 8 of them. The subjects listed in the notice of deposition on which Mr. Hatfield is alleged to have not answered are Items:

2. The negotiation of contracts similar or identical to the Indemnification Agreement between MCCC and Crum Motor Sales, Inc. dated July, 1997.

3. The negotiation and execution of the Release and Assumption of Risk signed by Phillip Crum.

4. The negotiation of agreements similar or identical to the Release and Assumption of Risk signed by Phillip Crum.

5. MCCC's annual financial statements for the years 1994 - 2002 inclusive.

6. MCCC's federal and Kentucky corporate income tax returns for the years 1994 - 2002.

8. The identities of the entities or organizations responsible for the repair service and maintenance of MCCC's trucks, cars or other types of motor vehicles in MCCC's fleet from 1994 to January 29, 2001.

10. MCCC's contribution of any sum to the tort settlement with Phillip Crum.

11. MCCC's responses to Universal's interrogatories and document requests in this case.

A review of Mr. Hatfield's deposition [R. 105-1] reveals that he neither had answers for questions related to these topics, nor had he conducted any sort of investigation to make himself knowledgeable on these subjects. A corporate deponent under Rule 30(b)(6) has "an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation." King v. Pratt & Whitney, 161 F.R.D. 475 (S.D. Fla. 1995). That Mr. Hatfield did not have personal knowledge of certain subjects, or could not remember factual details of others, is no defense. Mr. Hatfield was a 30(b)(6) deponent. "The testimony of a Rule 30(b)(6) deponent represents the knowledge of the corporation, not the individual deponent ... ." Richardson v. Rocky City Mech. Co., LLC, No. 3:09-cv-92, 2010 WL 711830, *6 (M.D. Tenn. Feb. 24, 2010). Such testimony includes "the knowledge of the corporation and the corporations' [sic] subjective beliefs and opinions and interpretation of documents and events." Hilton Hotels Corp. v. Dunnet, No. , 2002 WL 1482543, * 2 (W.D. Tenn. Mar. 15, 2002) (citing U.S. v. Taylor, 166 F.R.D. 356, 360 (M.D.N.C. 1996). MCCC had an obligation to provide knowledgeable persons, adequately prepared to testify on the topics specified by Universal in its 30(b)(6) notice. Id. at *3. A corporation must make a good faith effort to designate people having knowledge of the subjects sought and to prepare those persons to testify. Id. (citing FDIC v. Butcher, 116 F.R.D. 196, 199 (E.D. Tenn. 1986)).

The transcript of Hatfield's deposition reveals that he has not been employed by MCCC since about June, 2001 and that he had no contact with MCCC in preparation for the deposition. At first blush, it would appear that MCCC has failed to meet its burden under Rule 30(b)(6). The following exchange clearly indicates that MCCC made no effort to prepare Mr. Hatfield to discuss any of the Items listed in the notice of deposition:

Q: Mr. Hatfield, did you review any documents whatsoever to prepare for this deposition today?

A: I reviewed the notices and these subjects that the notices addressed, uh-huh.

Q: Okay. There are subjects that are set forth in the deposition notice to Martin County Coal under 30(b)(6). You reviewed that notice. Right?

A: Yes, sir.

Q: You also reviewed a notice to take your deposition. Is that correct?

A: Yes, sir.

Q: Okay. Did you review any other documents in preparation for this deposition?

A: I did not.
...

Q: You were not apprised that you had a duty to testify about information known or reasonably available to Martin County Coal Corporation?

  Mr. Uhl: Objection.

A: I was apprised that I should answer everything of the knowledge I had, and I don't have any documents, and I was apprised to respond to the actions I took as the president while I was there. I was the manager of Martin County Coal for that period of time.

Q: But you were not informed that you had a duty to get information reasonably available to Martin County Coal Corporation?

  Mr. Uhl: Objection.

Q: Were you, sir?

A: I don't know how to answer that, sir.

Q: Well, just tell me the way it was. Did Mr. Uhl tell you that you had a duty to answer about information reasonably available to Martin County Coal Corporation. Not Dennis Hatfield. But Martin County Coal Corporation.

A: He advised me that I was to speak regarding the knowledge of Martin County Coal in relation to these subjects, and that's based upon my tenure when I was there.

> I was the operating manager.
>
> Q: And as you've already said, during the past nine years, you've made no effort to contact anybody who currently works for Martin County Coal Corporation about any of the subjects in the deposition notice?
>
> A: Actually that's not true.
>
> Q: Right?
>
> A: I actually did try to contact two people.
>
> Q: Okay. Both of them, Mike Sammons and David Hensley, no longer work for Martin County Coal Corporation. Right, sir?
>
> A: As I understand it; yes, sir.
>
> Q: Were there any others that you tried to contact or did contact who currently work at Martin County Coal Corporation?
>
> A: No, sir.

[R. 105-1 at 66-68]. MCCC did not fulfill its duty to adequately prepare Mr. Hatfield. Furthermore, "[t]he production of an unprepared witness is tantamount to a failure to appear, and warrants the imposition of sanctions." United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc., No. 97-cv-71706, 1998 WL 1796257, *1 (E.D. Mich. Sept. 4, 1998).

Although the Court finds that MCCC has not fulfilled its obligations under Rule 30(b)(6), MCCC nevertheless argues that it neither could, nor should, produce testimony on several of the subjects noticed. With respect to at least three items, MCCC argues that no officer, agent or employee has knowledge of the subject matter listed by Universal. Items 2, 3 and 4 concern negotiation of the agreements entered into by Phillip Crum and the negotiation of similar agreements with other vendors. MCCC argues that these events took place over 15 years ago making it doubtful that any current or former employees of MCCC would have knowledge of these negotiations.

> It is not uncommon to have a situation, as in the instant case, where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

Taylor, 166 F.R.D. at 361.

With regard to items 2 and 4, Hatfield testified extensively about the standard practices and procedures of MCCC in allowing contractors to enter onto company property to perform work. [R. 105-1 at 15-16, 18-20, 31-34]. With respect to agreements entered into with specific contractors, however, Hatfield was unable to recall whether they signed indemnification and assumption of risk agreements similar to those signed by Phillip Crum. Of course Mr. Hatfied should not be expected to remember such details, but MCCC was obligated to make Mr. Hatfield knowledgeable on these subjects to the extent such information was reasonably available. Because MCCC did not prepare Hatfield to testify on these matters and failed to show that such information was not reasonably available, MCCC did not satisfy its 30(b)(6) obligations with regard to Items 2 and 4 in the notice of deposition.

MCCC makes the same argument to explain why its designee lacked knowledge about the negotiation of the agreements entered into between Crum and MCCC. Again, by its own admission, MCCC failed to make any inquiry into whether information concerning the negotiations between Crum and MCCC was reasonably available. During his deposition, Hatfield identified at lease one person who was likely to have knowledge about the agreements signed by Crum. According to Hatfield, Mike Sammons was the MCCC employee in charge of coordinating vehicle maintenance work around the time Crum contracted with MCCC. [R. 105-1 at 20-23, 55]. It appears that Mr. Sammons is no longer an employee of MCCC, but this does not relieve MCCC of its obligation to

9

determine whether information related to the negotiation of Phillip Crum's contracts is reasonably available. See Taylor, 166 F.R.D. at 361.

Items 5 and 6 relate to MCCC's financial statements and tax returns for the years 1994 - 2002. Mr. Hatfield, who was the company's president during most of this time period, was undoubtedly a proper designee to testify on these matters. However, to the extent that Mr. Hatfield was not familiar with, or could not remember the information in these documents, MCCC was under a duty to make him knowledgeable on the subject.

Item 8 concerns identification of the entities responsible for the repair, service, and maintenance of MCCC's light vehicle fleet from January 1, 1994 - January 29, 2004. As with the other subjects, Mr. Hatfield seemed to have some knowledge on the subject and could identify some specific entities, but he was clearly not prepared to answer in any detail. The notice of deposition requests "[t]he identities of the entities or organizations responsible for the repair, service and maintenance of your trucks, cars or other types of motor vehicles in your fleet from January 1, 1994 to January 29, 2001." [R. 95-2 at 2]. Although Mr. Hatfield was able to identify some entities fitting this description [R. 105 at 19-20], he only did so from memory, and it is not clear that his answers were accurate or complete. To the extent information fitting the description in the notice of deposition was reasonably available, MCCC had an obligation to make sure its designee possessed such knowledge.

Item 11 requests any contribution MCCC made to the tort settlement with Phillip Crum. MCCC argues that any further testimony on this subject would be unnecessarily duplicative because Universal has already deposed the person with the most knowledge on this subject. MCCC's argument, however, fails to take into account the purpose of Rule 30(b)(6). According to MCCC,

Roberta Kiser is the most knowledgeable person to speak on this topic and Universal has already deposed her. Ms. Kiser was MCCC's counsel when it settled Phillip Crum's tort claim. She attended the mediation, negotiated the settlement, and signed the settlement agreement on behalf of MCCC. Accordingly, MCCC argues that because Ms. Kiser was already deposed by Universal, additional deposition on the settlement topic would be duplicative and a waste of judicial economy.

In her deposition, Ms. Kiser testified as to her own personal knowledge of the settlement in the earlier tort case. Ms. Kiser was never designated as a 30(b)(6) deponent and never provided testimony representing the knowledge of MCCC. See Richardson, No. 3:09-cv-92, 2010 WL 711830 at *6. Although MCCC asserts that Ms. Kiser, as its counsel and agent, is the most knowledgeable person to speak on the settlement topic, it does not argue that her deposition testimony given on September 2, 2010 represents all of the knowledge MCCC has on the subject. Universal is entitled to depose a designee of MCCC who possesses the corporate entity's knowledge of its settlement with Phillip Crum. However, to the extent that MCCC's knowledge on the subject is the same as Ms. Kiser's, the Court agrees that further testimony on the topic would be unnecessarily duplicative.

Item 12 concerns MCCC's responses to Universal's interrogatories and document requests in this case. MCCC argues that its answers to interrogatories speak for themselves and require no further testimony. It also argues that any discussion between MCCC and its counsel concerning the preparation of discovery responses are covered by the attorney client privilege. While the Court agrees that discussions between MCCC and its counsel concerning the preparation of responses is privileged, the responses themselves are not. MCCC has not presented any legal argument as to why its designee should not review MCCC's responses and provide testimony about non-privileged

11

information related to those responses.

## III. CONCLUSION

Upon consideration of the parties' filings, and being otherwise sufficiently advised,

IT IS ORDERED AS FOLLOWS:

(1)     Universal's Motion to Compel Deposition of Andrew Hill [R. 94] is DENIED;

(2)     Universal's Motion to Compel Discovery from Martin County Coal Corporation [R. 95] is GRANTED.  On a mutually agreeable date, or dates, but in any event no later than November 26, 2010, MCCC is to provide for deposition a designee, or designees, knowledgeable and adequately prepared to testify on the following subjects:

(i)     Any agreements entered into by other contractors that are the same or similar to the Indemnification and Release and Assumption of Risk agreements signed by Phillip Crum;

(ii)     The negotiation of the Indemnification and Release and Assumption of Risk agreements signed by Phillip Crum;

(iii)     MCCC's financial statements and tax returns for the years of 1994 - 2002;

(iv)     Identification of entities or organizations responsible for the repair, service and maintenance of MCCC's trucks, cars or other types of motor vehicles in its fleet from January 1, 1994 to January 29, 2001;

(v)     MCCC's contribution of any sum to the tort settlement with Phillip Crum, unless the deposition testimony of Roberta Kiser represents all knowledge MCCC has on the subject; and

(vi)     MCCC's responses to Universal's interrogatories and document requests

in this case.

(3)     Should the parties encounter any difficulty in scheduling depositions prior to November 26, 2010 as ordered, counsel shall contact the undersigned's chambers, and the Court will set a date on which the deposition(s) will be held in the United States Courthouse, Pikeville, Kentucky;

(4)     To the extent information related to these subjects is not reasonably available, MCCC shall file a status report detailing its efforts to obtain such information and explaining why it is not reasonably available. This status report shall be filed no later than five days prior to the date on which a Rule 30(b)(6) deposition is scheduled.

Signed November 8, 2010.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge